IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JONATHAN WILKINSON,

      Plaintiff,

v.                                                       No. 1:20-cv-783 MV/KRS

JUSTIN MAESE, et al.,

      Defendants.

## ORDER GRANTING MOTION TO STAY DISCOVERY

**THIS MATTER** is before the Court on Defendant Justin Maese's Motion to Stay Discovery, (Doc. 27), filed December 29, 2020. Defendant Maese requests a stay of discovery until his Motion for Summary Judgment Based on Qualified Immunity, (Doc. 10), is ruled on. Plaintiff filed a response to the Motion to Stay on January 12, 2021, (Doc. 31), and Defendant Maese filed a reply on January 13, 2021, (Doc. 34). Having reviewed the Motion, briefing, record of the case, and relevant law, the Court finds the Motion to Stay is well-taken and shall be GRANTED.

"Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation. The privilege is an immunity from suit rather than a mere defense to liability[.]" *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (quotation marks omitted); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)). The doctrine of qualified immunity protects government officials not only from the costs associated with trial, but also from "the other burdens of litigation," including "the burdens of broad-reaching discovery." *Mitchell*, 472 U.S. at 526. The Supreme Court has "repeatedly … stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*,

555 U.S. 223, 232 (2009). "[T]he driving force behind [the] creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery." *Id.* at 231. Thus, in general, when a defendant asserts the defense of qualified immunity, the district court should stay discovery until the immunity issue is resolved. *Workman*, 958 F.2d at 336.

There is no dispute that Defendant Maese raised the defense of qualified immunity in his Motion for Summary Judgment, (Doc. 10). Nevertheless, Plaintiff opposes a stay of discovery because he asserts that discovery will be appropriate for claims against other Defendants and Defendant Maese's qualified immunity defense is unlikely to succeed. (Doc. 31) at 1. Plaintiff states that "[r]egardless of any existing case law calling for a stay on all claims, this Court should permit discovery in this particular case" because Plaintiff's claims against the other Defendants "stand on their own" and can be bifurcated. *Id.* at 1-2. These arguments are unavailing. The Court is bound by Supreme Court and Tenth Circuit precedent that requires a stay of all discovery when a qualified immunity defense is raised and regardless of the presence of other defendants not seeking qualified immunity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (rejecting argument to stay discovery only for party raising qualified immunity defense because "[i]t is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position"); *Higgins v. Saavedra*, 2017 WL 1437317, at *1 (D.N.M.) ("Standard practice in this District is to stay discovery – as to all defendants – when the defense of qualified immunity has been raised."). For these reasons, the Court finds that Defendants are entitled to a stay of discovery pending resolution of Defendant Maese's Motion for Summary Judgment Based on Qualified Immunity.

**IT IS THEREFORE ORDERED** that Defendant Maese's Motion to Stay Discovery, (Doc. 27), is GRANTED and discovery is STAYED in this case until Defendant Maese's Motion for Summary Judgment Based on Qualified Immunity, (Doc. 10), is ruled on.[1]  After the summary judgment motion is ruled on, the Court will issue an Initial Scheduling Order and set a scheduling conference.

**IT IS SO ORDERED**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that the parties have agreed to limited discovery for the purpose of locating Defendants Keith Tate and Environmental Services for service of process, so discovery may proceed on that limited basis.  (Doc. 29).